UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LOPEZ VASQUEZ,<br><br>   Plaintiff,<br><br>   v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>   Defendant. | Case No. 2:17-cv-03396-SHK<br><br>OPINION AND ORDER |

Plaintiff Richard Lopez Vasquez ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or the "Agency") denying his application for disability insurance benefits ("DIB"), under Title II of the Social Security Act (the "Act"). This Court has jurisdiction, under 42 U.S.C. § 405(g), and, pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the Commissioner's decision is REVERSED and this action is REMANDED for further proceedings consistent with this Order.

/ / /

## I. BACKGROUND

Plaintiff filed an application for DIB on April 23, 2013, alleging disability beginning on January 1, 2012. Transcript ("Tr.") 169-76.[1] Following a denial of benefits, Plaintiff requested a hearing before an administrative law judge ("ALJ"). At the hearing, Plaintiff requested a closed period of disability beginning on January 1, 2012, and ending on May 4, 2015. Tr. 15, 37. On November 5, 2015, ALJ Lesley Troope determined that Plaintiff was not disabled. Tr. 15-27. Plaintiff sought review of the ALJ's decision with the Appeals Council, however, review was denied on March 2, 2017. Tr. 1-6. This appeal followed.

## II. STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

"'When evidence reasonably supports either confirming or reversing the ALJ's decision, [the Court] may not substitute [its] judgment for that of the ALJ.'" Ghanim v. Colvin, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting Batson, 359 F.3d at 1196)); see also Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) ("If the ALJ's credibility finding is supported by substantial evidence in the record, [the

---

[1] A certified copy of the Administrative Record was filed on October 19, 2017. Electronic Case Filing Number ("ECF No.") 15. Citations will be made to the Administrative Record or Transcript page number rather than the ECF page number.

Court] may not engage in second-guessing." (citation omitted)). A reviewing court, however, "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006) (citation omitted). Finally, a court may not reverse an ALJ's decision if the error is harmless. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Shinseki v. Sanders, 556 U.S. 396, 409 (2009).

### III. DISCUSSION

#### A. Establishing Disability Under The Act

To establish whether a claimant is disabled under the Act, it must be shown that:

> (a) the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> (b) the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)). "If a claimant meets both requirements, he or she is 'disabled.'" Id.

The ALJ employs a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." Tackett, 180 F.3d

at 1098; 20 C.F.R. § 404.1520. The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. Tackett, 180 F.3d at 1098.

The five steps are:

>Step 1. Is the claimant presently working in a substantially gainful activity [("SGA")]? If so, then the claimant is "not disabled" within the meaning of the [] Act and is not entitled to [DIB]. If the claimant is not working in a [SGA], then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. See 20 C.F.R. § 404.1520(b).
>
>Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to [DIB]. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. See 20 C.F.R. § 404.1520(c).
>
>Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to [DIB]. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. See 20 C.F.R. § 404.1520(d).
>
>Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to [DIB]. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. See 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to [DIB]. See 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2 [("the Listings")]. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to [DIB]. See 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to [DIB]. See id.

Id. at 1098-99.

**B.    Summary Of ALJ's Findings**

The ALJ determined that "[Plaintiff] meets the insured status requirements of the . . . Act through December 31, 2016." Tr. 17. The ALJ then found at step one, that "[Plaintiff] has not engaged in [SGA] since January 1, 2012, the alleged onset date (Exhibit 6D) (20 CFR 404.1571 et seq.)." Tr. 18. At step two, the ALJ found that "[Plaintiff] has the following severe impairments: inflammatory arthritis (rheumatoid arthritis and osteoarthritis) with dysfunctional major joints, degenerative disc disease of the cervical spine, and degenerative joint disease of the knees (20 CFR 404.1520(c))." Id. (internal citations omitted). At step three, the ALJ found that "[Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in [the Listings]." Tr. 19.

In preparation for step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except: [Plaintiff] can stand and walk for six hours in an eight-hour workday and sit for six hours in an eight-hour workday. He can frequently balance and he can occasionally perform all other postural activities. [Plaintiff] can frequently finger and handle with his bilateral upper extremities. [Plaintiff] can occasionally reach above shoulder level with his bilateral upper extremities. [Plaintiff] must have limited to no concentrated exposure to workplace hazards, such as moving machinery and unprotected heights, and he must have no concentrated exposure to extreme cold.

Tr. 21. The ALJ "base[d] the [RFC] on the 2014 opinions of the State Agency medical consultants and consultative examiner [("CE")] John Sedgh, M.D.[,] who opined that [Plaintiff] could perform light exertional work." Id. (citation omitted). The ALJ "g[a]ve these opinions great weight, as they are consistent with each other and the record as a whole. The consultants had a good understanding of the applicable Social Security rules and regulations in formatting their opinions." Id. The ALJ added that "Dr. Sedgh closely examined [Plaintiff] and his findings support the [RFC]." Id.

At step four, the ALJ found that "[Plaintiff] is capable of performing [PRW] as a Warehouse Supervisor. This work does not require the performance of work-related activities precluded by [Plaintiff's] [RFC] (20 CFR 404.1565)." Tr. 25. In so finding, the ALJ observed the VE's opinion "that an individual with [Plaintiff's] vocational profile and [RFC] could perform [Plaintiff's] past work as a Warehouse Supervisor as generally performed in the national economy[,]" but not as Plaintiff "actually performed [the job] as medium exertional work." Id.

1         The ALJ also made the alternative finding at step five that "there are [also] other jobs existing in the national economy that [Plaintiff] is able to perform." Tr. 26. The ALJ observed that "[Plaintiff] was born on May 17, 1961 and was 50 years old, which is defined as an individual 'closely approaching advanced age,' on the alleged disability onset date (20 CFR 404.1563)." Id. The ALJ added that "[Plaintiff] had at least a high school education and is able to communicate in English (20 CFR 404.1564)." Id. (internal citation omitted). The ALJ then found that "[t]ransferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is not disabled, whether or not [Plaintiff] has transferable job skills [which] there is no evidence [of]." Id. (internal citations and quotation marks omitted).

        The ALJ then observed the VE's opinion that "jobs exist in the national economy for an individual with [Plaintiff's] age, education, work experience, and [RFC,]" such as the "light and unskilled" occupations of "Cashier II[,]" as defined in the dictionary of occupational titles ("DOT") at DOT 211.462-010, "Router (DOT 222.587-038)," and "Storage Facility Rental Clerk (DOT 295.367-026)." Tr. 26-27. The ALJ then found that "[b]ased on the reports of the [VE], . . . considering [Plaintiff's] age, education, work experience, and [RFC], [Plaintiff] is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." Tr. 27. The ALJ, however, did not specifically find that Plaintiff could perform the three jobs identified by the VE before finding that "[Plaintiff] has not been under a disability, as defined in the . . . Act, from January 1, 2012, through [November 5, 2015], the date of th[e] decision (20 CFR 404.1520(f))." Id. (internal quotation marks omitted).

**C.**     **Issue Presented**

        In this appeal, Plaintiff raises two issues, including: (1) whether the ALJ's RFC assessment was supported by substantial evidence; and (2) whether the ALJ

7

properly evaluated Plaintiff's subjective complaints.  ECF No. 16, Joint Stipulation at 5.

### D.     Court's Consideration Of Plaintiff's Arguments

#### 1.     Plaintiff's Challenge To ALJ's RFC Assessment

Plaintiff argues that the ALJ's determination that Plaintiff has the RFC to perform frequent fingering and handling is not supported by the record.  Id. Plaintiff submits that "[i]n assessing this RFC, the ALJ gave great weight to the opinion[] of [the CE]," who opined that Plaintiff could perform only occasional gross and fine manipulation.  Id. at 5-6.  Plaintiff argues that by "conclud[ing] that the limitation to frequent handling and fingering was appropriate . . . [t]he ALJ has implicitly rejected the opinions of Dr. Sedgh[,]" that Plaintiff could perform only occasional gross and fine manipulation, "without setting forth legally sufficient reasons for doing so."  Id. at 6 (internal citation omitted).  Plaintiff further argues that because the ALJ gave great weight to the CE's opinion, the ALJ erred by not incorporating the CE's more restrictive limitation of only occasional gross and fine manipulation into the RFC assessment, or providing an explanation for rejecting this limitation.  Id. at 7.  Plaintiff argues that the ALJ's failure to include this limitation in the RFC was not harmless error because the VE opined at the administrative hearing that Plaintiff "could not perform past work or any other work if the limitations of Dr. Sedgh were adopted."  Id. (citing Tr. 60-61).

#### 2.     Defendant's Response

Defendant argues that "[w]hile the ALJ may have done a better job explaining why he concluded that Dr. Sledgh's limitations for occasional handling and fingering did not reflect Plaintiff's full capabilities, the ALJ nonetheless laid out a clear path of understanding, based on Plaintiff's treatment records, response to treatment, and Plaintiff's eventual return to work without any changes to his medication or symptoms."  Id. at 10.  Defendant argues that "[t]hese factors reasonably afforded insight into why the ALJ found frequent fingering and

8

handling, rather than occasional gross and fine manipulations, were appropriate[,]" such that the "court may draw inferences from the ALJ's decision." Id. (citation omitted).

### 3. Medical And Vocational Opinions Relating To Plaintiff's Ability To Perform Fingering And Handling Tasks

The CE opined that, based on an examination of Plaintiff, Plaintiff could perform only "occasional" gross and fine manipulation tasks with either hand. Tr. 418. Conversely, reviewing State Agency Dr. Berry opined that Plaintiff could perform frequent handling and fingering tasks and, similarly, reviewing State Agency Dr. Surrusco opined that Plaintiff would have no manipulative limitations. Tr. 68-70, 79-82.

At the administrative hearing, the ALJ asked the VE a series of hypothetical questions regarding whether an individual with Plaintiff's age, education, work experience, and RFC, could perform Plaintiff's PRW or any other SGA that exists in significant numbers in the national economy. Tr. 57-61. In the third and final hypothetical question presented to the VE, the ALJ asked: "based upon the consultation examination opinion, . . . rather than being limited to frequently handling and fingering with the bilateral upper extremities[,]" if the hypothetical person with Plaintiff's age, education, work experience, and RFC was "limited to only occasional handling and fingering with the bilateral upper extremities; much more limiting. C[ould] such an individual perform [Plaintiff's] past work[,]" to which the VE replied "[n]o. Not as [Plaintiff] performed it or as it's performed in the national economy." Tr. 61. The VE added that such an individual would also not be able to perform "any other work . . . on a full time or equivalent basis." Id.

### 4. Standard To Review ALJ's RFC Determination And Consideration Of CE's Opinion

The RFC is the maximum a claimant can do despite her limitations. 20 C.F.R. § 404.1545. In determining the RFC, the ALJ must consider limitations

9

imposed by all of a claimant's impairments, even those that are not severe, and evaluate all of the relevant medical and other evidence, including the claimant's testimony. SSR 96-8p, available at 1996 WL 374184. The ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairments into concrete functional limitations in the RFC. Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008). Only limitations supported by substantial evidence must be incorporated into the RFC and, by extension, the dispositive hypothetical question posed to the Vocational Expert. Osenbrock v. Apfel, 240 F.3d 1157, 1163-65 (9th Cir. 2001).

There are three types of medical opinions in Social Security cases: those from treating physicians, examining physicians, and non-examining physicians. Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009) (citation omitted). "The medical opinion of a claimant's treating physician is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record.'" Trevizo v. Berryhill, 871 F.3d 664, 675 (9th Cir. 2017) (quoting 20 C.F.R. § 404.1527(c)(2)).

"'To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence.'" Id. (quoting Ryan v. Comm'r Soc. Sec. Admin., 528 F.3d 1194, 1198 (9th Cir. 2008)). "'If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence.'" Trevizo, 871 F.3d at 675 (quoting Ryan, 528 F.3d at 1198). "This is so because, even when contradicted, a treating or examining physician's opinion is still owed deference and will often be 'entitled to the greatest weight . . . even if it does not meet the test for controlling weight.'" Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting Orn v. Astrue, 495 F.3d 625, 633 (9th Cir. 2007)). "'The ALJ can meet

10

this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" Trevizo, 871 F.3d at 675 (quoting Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).

### 5. ALJ's Decision Not Supported By Substantial Evidence

Here, the ALJ's RFC does not encompass all the limitations contained in the medical evidence. As discussed above, the CE—whose opinion the ALJ gave great weight to due to its consistency with the record as a whole—opined that Plaintiff could perform gross and fine manipulation tasks with either hand only occasionally, whereas the ALJ found that Plaintiff could frequently finger and handle with his bilateral upper extremities. Tr. 21, 418. This unexplained discrepancy between Plaintiff's ability to finger and handle frequently, as the ALJ found in the RFC, rather than occasionally, as the CE opined, is material to Plaintiff's disability determination because the VE opined that a hypothetical person with Plaintiff's RFC, but with the ability to finger and handle only occasionally, could not perform Plaintiff's PRW or any other work that exists in significant numbers in the national economy. Tr. 61.

Moreover, it is unclear whether the CE's opinion, if properly considered, would result in a finding of disability in light of the contradicting opinions of the reviewing State Agency doctors, who opined that Plaintiff could perform frequent handling and fingering and that Plaintiff would have no manipulative limitations. Tr. 68-70, 79-82. The ALJ, however, was responsible for resolving this conflict in the medical evidence and translating Plaintiff's impairments into concrete functional limitations in the RFC, but failed to do so here. Stubbs-Danielson, 539 F.3d 1169, 1174 (9th Cir. 2008). Instead, the ALJ found that the CE's opinion was consistent with the reviewing State Agency doctors' opinions, despite acknowledging at the administrative hearing in the third hypothetical posed to the VE that CE's opinion regarding Plaintiff's ability to finger and handle only

occasionally was "much more limiting." Id. The ALJ's failure to provide any reasons, much less specific and legitimate reasons supported by substantial evidence for ignoring the CE's "much more limiting" opinion, was an error. Trevizo, 871 F.3d at 675 (quoting Ryan, 528 F.3d at 1198). Accordingly, the Court remands this matter back to the Commissioner to, first, determine Plaintiff's RFC to finger and handle with his bilateral upper extremities and, second, to determine whether Plaintiff can perform his PRW at step four, or any other work that exists in the national economy in significant numbers at step five. Because the Court remands the case back to the Commissioner on the aforementioned issue, the Court does not address Plaintiff's remaining assignment of error.

## IV. CONCLUSION

Because the Commissioner's decision is not supported by substantial evidence, IT IS HEREBY ORDERED that the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). See Garrison, 759 F.3d at 1009 (holding that under sentence four of 42 U.S.C. § 405(g), "[t]he court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing." (citation and internal quotation marks omitted)).

IT IS SO ORDERED.

DATED: 8/3/2018

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge